UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
West Palm Beach Division

AKRON BIOTECHNOLOGY, LLC,          Case No. 10-13232-BKC-EPK
                                    Chapter 11

Alleged Debtor.
_____/

### MOTION TO DISMISS, AND/OR IN THE ALTERNATIVE, MOTION FOR INDEMNITY BOND, AND/OR IN THE ALTERNATIVE, MOTION TO STRIKE

COMES NOW, AKRON BIOTECHNOLOGY, LLC (hereinafter "AKRON"), the alleged Debtor, by and through undersigned counsel, and hereby files this Motion to Dismiss, and/or in the Alternative, Motion for Indemnity Bond, and/or in the Alternative, Motion to Strike, and as grounds therefore would state:

1. On February 11, 2010, Creditor, APPLICHEM GMBH (hereinafter "APPLICHEM") filed an Involuntary Petition against AKRON.

2. AKRON is not indebted to APPLICHEM for any amounts.

### MOTION TO DISMISS

3. AKRON files this Motion to Dismiss for failure of APPLICHEM to state a cause of action.

4. 11 U.S.C. §303(b) requires the petitioner state its rights to file a petition pursuant thereto.

5. 11 U.S.C. §303(b) states:

> An Involuntary case against a person is commenced by the filing with the bankruptcy court of a petition under chapter 7 or 11 of this title—

    (1) by three or more entities, each of which is either a holder of a claim against such person that is not contingent as to liability or the subject of a bona fide dispute as to liability or amount, or an indenture trustee representing such a holder, if such noncontingent, undisputed claims aggregate at least $13,475(*) more than the value of any lien on property of the debtor securing such claims held by the holders of such claims;

    (2) if there are fewer than 12 such holders, excluding any employee or insider of such person and any transferee of a transfer that is voidable under section 544, 545, 547, 548, 549, or 724(a) of this title, by one or more of such holders that hold in the aggregate at least $13,475(*) of such claims;

6. As a result of APPLICHEM's failure to have checked the applicable boxes in the Allegations, which are boxes 1 and 2, AKRON is unable to file a response as the jurisdiction of the Court has not been invoked.

7. Therefore, dismissal is warranted as there were less than three (3) creditors who signed the petition.

8. Additionally, the Petition should be dismissed as it was filed in bad faith.

9. AKRON has sustained damages caused by the filing of the Petition, to its reputation and business basis.

10. The filing of the Petition has required AKRON to retain counsel and incur costs and attorney's fees in responding to this Petition.

11. APPLICHEM'S filing of this Petition has required the Debtor to retain counsel and incur the expense of costs and attorney fees, therefore,

pursuant to §303(i) of the Bankruptcy Code, AKRON requests costs, attorney's fees, damages and punitive damages.

12. By reason of the foregoing, there is due and owing to AKRON from APPLICHEM costs, reasonable attorney's fees, damages, and punitive damages for the filing of the Petition.

WHEREFORE, AKRON demands judgment dismissing the petition and granting costs, reasonable attorney's fees, damages, and punitive damages

### MOTION FOR INDEMNITY BOND

Alternatively, AKRON moves for an indemnity bond pursuant to 11 U.S.C. §303(i) on the following grounds:

13. APPLICHEM is a foreign entity and its believed and therefore alleged that it is not licensed to do business in the State of Florida.

14. The Petition was filed in bad faith.

15. AKRON has incurred damages as a result of the filing of this Petition, to its reputation and business basis.

16. The filing of the Petition has required AKRON to retain counsel and incur costs and attorney's fees in responding to this Petition.

17. AKRON sustained damages by the filing of the Petition and based on the foregoing, there is due and owing reasonable attorney fees, costs, damages and punitive damages.

WHEREFORE, AKRON moves this Court to require APPLICHEM to file a bond to indemnify AKRON for such costs, attorney's fees and damages as allowed by the Court under 11 U.S.C. §303(i)

## **MOTION TO STRIKE**

Alternatively, AKRON moves to strike the Petition filed by APPLICHEM on the following grounds:

18. The petition should be stricken because APPLICHEM failed to file the Corporate Ownership Statement as required in Bankruptcy Rule 7007.1.

19. Additionally, the Petition is executed by an attorney who is not authorized to practice or to sign pleadings in this district pursuant to Local Rule 2090-1(A). In addition, it is believed and therefore alleged that the attorney is not licensed to practice in the State of Florida or a member of the Florida Bar.

20. The Petition was filed in bad faith.

21. AKRON has incurred damages as a result of the filing of this Petition, to its reputation and business basis.

22. The filing of the Petition has required AKRON to retain counsel and incur costs and attorney's fees in responding to this Petition.

23. AKRON sustained damages by the filing of the Petition and based on the foregoing, there is due and owing reasonable attorney fees, costs, damages and punitive damages.

WHEREFORE, AKRON moves this Court to strike the Petition filed by APPLICHEM for the reasons stated above and granting costs, reasonable attorney's fees, damages, and punitive damages and awarding AKRON such other and further relief as may be just.

I HEREBY CERTIFY that a true copy of the foregoing has been furnished by regular mail or electronically where available to all interested parties the 3rd day of March, 2010.

I hereby certify that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualification to practice in this court set forth in Local Rule 2090-1(A).

RAPPAPORT OSBORNE & RAPPAPORT, PL
Attorneys for AKRON
Suite 203, Squires Building
1300 North Federal Highway
Boca Raton, Florida 33432
Telephone: (561) 368-2200

BY: _____/s/_____
KENNETH S. RAPPAPORT, ESQ.
FL Bar No. 132333