UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

IN RE:                                                          CASE NO.: 10-13232-BKC-EPK

AKRON BIOTECHNOLOGY, LLC,                       CHAPTER 11

    Debtor.
_____/

### PETITIONING CREDITOR'S MOTION FOR APPROVAL OF STIPULATION OF SETTLEMENT

Petitioning Creditor, AppliChem GmbH (the "**Petitioning Creditor**"), by and through its undersigned counsel, pursuant to Fed. R. Bankr. P. 9019, files this *Motion for Approval of Stipulation of Settlement*, and in support thereof, respectfully states as follows:

### JURISDICTION, VENUE, STATUTORY AND PROCEDURAL BASIS

1. This Court has jurisdiction over the parties and subject matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to sections 28 U.S.C §§ 1408 and 1409.

2. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2).

3. The procedural predicate for the requested relief is Fed. R. Bankr. P. 9019.

### BACKGROUND

4. On February 11, 2010, the Petitioning Creditor commenced the above-captioned bankruptcy case by filing an involuntary chapter 11 bankruptcy petition against Akron Biotechnology, LLC (the "**Alleged Debtor**").

5. On March 3, 2010, the Alleged Debtor filed its *Motion to Dismiss and/or in the Alternative, Motion for Indemnity Bond, and/or in the Alternative, Motion to Strike* (the "**Alleged Debtor's Motion**") [D.E. 4];

6. On April 6, 2010, the Petitioning Creditor filed a *Notice of Voluntary Dismissal of Involuntary Petition* (the "**Petitioning Creditor's Motion**") [D.E. 13] and a hearing on the

Petitioning Creditor's Motion has been scheduled for May 13, 2010 [D.E. 15].

7. On April 12, 2010, the Court entered an Order granting in part the Alleged Debtor's Motion, requiring the Petitioning Creditor to obtain and file a bond in the amount of $60,000.00 (the "**Bond**"), payable to the Alleged Debtor, to indemnify the Alleged Debtor for such amounts as the Court may later award under 11 U.S.C. § 303(i) at a further evidentiary hearing to be held on May 13, 2010 [D.E. 22].

8. The Petitioning Creditor and the Alleged Debtor (collectively, the "**Parties**") mutually desire to resolve the disputes in accordance with the terms of the *Stipulation of Settlement* (the "**Settlement Agreement**") attached hereto as **Exhibit "A."**

## MATERIAL TERMS OF THE SETTLEMENT AGREEMENT

9. The Settlement Agreement fully sets forth all of the terms of the agreement between the Alleged Debtor and the Petitioning Creditor. The material provisions of the Settlement Agreement are as follows:

a. The Alleged Debtor consents to the voluntary dismissal of the Petition, without prejudice to the Petitioning Creditor;

b. The Petitioning Creditor shall deposit $22,500, by 5:00 p.m. on Wednesday, April 28, 2010 into the non-interest bearing escrow account of Shraiberg, Ferrara & Landau, P.A. ("**SFL**"), instead of posting the Bond, for the sole purpose of compensating the Alleged Debtor for attorneys' fees and costs incurred by the Alleged Debtor during the pendency of this bankruptcy proceeding. Within one (1) business day of the conclusion of the hearing on the dismissal of the instant case, counsel for the Alleged Debtor shall furnish counsel for the Petitioning Creditor a copy of their final invoice. SFL shall wire funds to counsel for the Alleged Debtor, sufficient to compensate counsel for the Alleged Debtor's final invoice up to a

maximum of $22,500, within ten (10) days of an Order approving this Settlement Agreement. Said payment shall satisfy in full any and all damages suffered by the Alleged Debtor as a result of the filing of the instant Bankruptcy Case. In the event the final invoice is less than $22,500, SFL is authorized to refund the balance to the Petitioning Creditor;

   c. The Settlement Agreement provides for mutual releases between the Alleged Debtor and the Petitioning Creditor.

   d. The Settlement Agreement, however, in no way releases, discharges or waives any prospective or new claims arising from any breach of this Settlement Agreement, or that may arise from future transactions between the Parties.

   e. Additionally, this Settlement Agreement in no way releases, discharges or waives any claim(s) and/or prospective claim(s) that the Petitioning Creditor has against AppliChem, LLC.

## BASIS FOR RELIEF REQUESTED

  10. Through this motion, the Petitioning Creditor requests that this Court enter an Order approving the Settlement Agreement to permit the Parties to amicably resolve the disputes against each other.

  11. "It is generally recognized that the law favors compromise of disputes over litigation for litigation sake." *In re Bicoastal Corp.*, 164 B.R. 1009, 1016 (Bankr. M.D. Fla. 1993). Rule 9019(a) grants the bankruptcy court the power to approve settlements. *GMGRSST, Ltd. v. Menotte (In re Air Safety Int'l, L.C.)*, 336 B.R. 843, 852 (S.D. Fla. 2005).

  12. Pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure, the Court may approve a compromise or settlement after notice and a hearing. Fed. R. Bankr. P. 9019. Accordingly, it is within the scope of this Court's authority to grant the Motion.

13.     When considering settlements for approval, the bankruptcy court is to "determine whether the proposed settlement is fair and equitable." *In re Air Safety Int'l, L.C.*, 336 B.R. at 852. The Eleventh Circuit Court of Appeals has set forth factors to assist bankruptcy courts in determining whether a settlement proposal meets the appropriate standard. *Id.* These factors are as follows: (a) the probability of success in the litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises (the "**Justice Oaks Factors**"). *See Wallis v. Justice Oaks II, Ltd.*, 898 F.2d 1544, 1549 (11th Cir. 1990); *see also Romagosa v. Thomas*, 236 Fed. Appx. 498, 504 (11th Cir. 2007) (setting forth *Justice Oaks* Factors and affirming bankruptcy court's approval of settlement agreement). Moreover, "[t]he bankruptcy court is not required to rule on the merits, and must look only to the probabilities." *Id.* Settlements or compromises should be approved unless they "fall below the lowest point in the range of reasonableness." *In re Bicoastal Corp.*, 164 B.R. at 1016.

14.     In the instant case, the *Justice Oaks* Factors weigh in favor of approving the terms of the Settlement Agreement. In negotiating the terms of the Settlement Agreement, the Petitioning Creditor, the Alleged Debtor and their respective counsel carefully evaluated the costs and risks of litigation and the defenses that could be raised and other factors in their sound business judgment.

15.     The Settlement Agreement will avoid the necessity of further litigation in this matter and will avoid the concomitant fees and costs.

16.     The Petitioning Creditor and the Alleged Debtor recommend approval of the Settlement Agreement because it is fair, reasonable and in the best interest of the Alleged Debtor's creditors.

**WHEREFORE**, the Petitioning Creditor respectfully requests that the Court enter an Order approving the Settlement Agreement; retaining jurisdiction over the terms of the Settlement Agreement and the parties thereto to interpret and enforce the Settlement Agreement; and for such other relief as the Court deems proper.

Dated: May 6, 2010.

        **Respectfully submitted:**
        SHRAIBERG, FERRARA & LANDAU, P.A.
        Attorneys for AppliChem GmbH
        2385 NW Executive Center Drive, Suite 300
        Boca Raton, Florida 33431
        Telephone: 561-443-0800
        Facsimile: 561-998-0047

        By: /s/ John E. Page
            John E. Page
            Florida Bar No. 860581
            jpage@sfl-pa.com
            Lenore M. Rosetto
            Florida Bar No. 064448
            lrosetto@sfl-pa.com

## ATTORNEY CERTIFICATION

**I HEREBY CERTIFY** that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished via Notice of Electronic Filing or U.S. Mail or Facsimile this 6th day of May, 2010 to all persons on the attached Service List.

/s/ John E. Page
John E. Page

# EXHIBIT "A"

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

IN RE:                                              CASE NO.: 10-13232-BKC-EPK

AKRON BIOTECHNOLOGY, LLC,                           CHAPTER 11

    Debtor.
_____/

## STIPULATION OF SETTLEMENT

This Stipulation of Settlement (hereinafter the "**Settlement Agreement**") is made on this ____ day of _____, 2010, and entered into by and between (i) Akron Biotechnology, LLC (the "**Alleged Debtor**"); and (ii) AppliChem GMbH (the "**Petitioning Creditor**") (the Alleged Debtor and the Petitioning Creditor are collectively referred to herein as the "**Parties**").

WHEREAS, on February 11, 2010, the Petitioning Creditor commenced the above-captioned bankruptcy case (the "**Bankruptcy Case**") by filing an involuntary chapter 11 bankruptcy petition against the Alleged Debtor (the "**Petition**");

WHEREAS, on March 3, 2010, the Alleged Debtor filed its *Motion to Dismiss and/or in the Alternative, Motion for Indemnity Bond, and/or in the Alternative, Motion to Strike* (the "**Alleged Debtor's Motion**") [D.E. 4];

WHEREAS, on April 6, 2010, the Petitioning Creditor filed a *Notice of Voluntary Dismissal of Involuntary Petition* (the "**Petitioning Creditor's Motion**") [D.E. 13] and a hearing on the Petitioning Creditor's Motion has been scheduled for May 13, 2010 [D.E. 15];

WHEREAS, on April 12, 2010, the Court entered an Order granting in part the Alleged Debtor's Motion, requiring the Petitioning Creditor to obtain and file a bond in the amount of $60,000.00 (the "**Bond**"), payable to the Alleged Debtor, to indemnify the Alleged Debtor for such amounts as the Court may later award under 11 U.S.C. § 303(i) at a further evidentiary hearing to be held on May 13, 2010 [D.E. 22].

WHEREAS, the Parties participated in good faith settlement negotiations and have reached an agreement with regard to the dismissal of the Bankruptcy Case;

WHEREAS, in order to avoid the costs and uncertainties of litigation, the Parties desire to settle the disputes amicably and without further litigation; and

WHEREAS, the Parties wish to set forth the terms of their settlement in this Settlement Agreement.

NOW, THEREFORE, in consideration of the premises aforesaid and the mutual covenants contained herein, and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties hereby agree as follows:

1. <u>Recitals Incorporated</u>.  Recitals and prefatory phrases and paragraphs set forth above are hereby incorporated in full and made a part of this Settlement Agreement.

2. <u>Dismissal of Bankruptcy Proceeding</u>:  The Alleged Debtor consents to the voluntary dismissal of the Petition, without prejudice to the Petitioning Creditor.

3. <u>Resolution of Bond Amount</u>:  Instead of posting the Bond, the Petitioning Creditor shall deposit $22,500, by 5:00 p.m. on Wednesday, April 28, 2010 into the non-interest bearing escrow account of Shraiberg, Ferrara & Landau, P.A. ("**SFL**") for the sole purpose of compensating the Alleged Debtor for attorneys' fees and costs incurred by the Alleged Debtor during the pendency of this bankruptcy proceeding.  Within one (1) business day of the conclusion of the hearing on the dismissal of the instant case, counsel for the Alleged Debtor shall furnish counsel for the Petitioning Creditor a copy of their final invoice.  SFL shall wire funds to counsel for the Alleged Debtor, sufficient to compensate counsel for the Alleged Debtor's final invoice up to a maximum of $22,500, within ten (10) days of an Order approving this Settlement Agreement.  Said payment shall satisfy in full any and all damages suffered by

the Alleged Debtor as a result of the filing of the instant Bankruptcy Case. In the event the final invoice is less than $22,500, SFL is authorized to refund the balance to the Petitioning Creditor.

    4.    <u>Mutual Releases</u>. The Parties are agreeing to resolve the disputes against each other in exchange for mutual general releases, as follows:

    a. The Alleged Debtor, for itself, and on behalf of its officers, directors, agents, employees, representatives, attorneys, assignees, stockholders, members and partners irrevocably and unconditionally waives, releases and forever discharges the Petitioning Creditor, its officers, directors, agents, employees, representatives, attorneys, assignees, stockholders, members and partners and agrees not to assert or cause by any and all actions, any other individual or entity to assert any claims, charges, complaints, counterclaims, actions, grievances for any act or omission that occurred up through the date of this Settlement, including but not limited to those claims for damages asserted in the Alleged Debtor's Dismissal Motion, or which could have been asserted therein, whether known or unknown, excepting only the Parties' obligations pursuant to this Settlement Agreement.

    b. Likewise, the Petitioning Creditor, for itself, and on behalf of its officers, directors, agents, employees, representatives, attorneys, assignees, stockholders, members and partners irrevocably and unconditionally waives, releases and forever discharges the Alleged Debtor, its officers, directors, agents, employees, representatives, attorneys, assignees, stockholders, members and partners and agrees not to assert or cause by any and all actions, any other individual or entity to assert any claims, charges, complaints, counterclaims, actions, grievances for any act or omission that occurred up through the date of this Settlement, whether known or unknown, excepting only the Parties' obligations pursuant to this Settlement Agreement.

      c. This Settlement Agreement, however, in no way releases, discharges or waives any prospective or new claims arising from any breach of this Settlement Agreement, or that may arise from future transactions between the Parties.

      d. Additionally, this Settlement Agreement in no way releases, discharges or waives any claim(s) and/or prospective claim(s) that the Petitioning Creditor has against AppliChem, LLC.

      5. <u>Conditions Precedent</u>. The Parties agree that the enforceability of this Settlement Agreement is subject to the Bankruptcy Court entering an Order approving the settlement as set forth in this Settlement Agreement that becomes final and non-appealable (the "**Final Settlement Order**").

      6. <u>Frustration of Purpose</u>. Neither of the Parties shall take any action to intentionally frustrate the purposes of this Settlement Agreement.

      7. <u>Non-Approval</u>. In the event that the Settlement Agreement is not approved by the Bankruptcy Court, nothing herein shall be deemed a representation or admission by any Party as to any issue involved in this case, and this Settlement Agreement will be deemed null and void, including the validity of any and all instruments executed by the Parties for their performance and implementation prior to its approval.

      8. <u>Fees and Costs</u>. Each of the Parties agrees to bear their own attorneys' fees and costs with respect to this Settlement Agreement.

      9. <u>Attorneys' Fees</u>. Either party will be entitled to payment for attorneys' fees and costs in the event that it is required to enforce any provision of this Settlement Agreement against the other party.

      10. <u>Binding Effect</u>. This Settlement Agreement shall be binding upon and inure to the benefit of the Parties hereto and their respective successors and assigns.

11. <u>Entire Agreement</u>. This Settlement Agreement constitutes the entire agreement of the Parties hereto as to the subject matter hereof. The undersigned acknowledge that there are no communications or oral understandings contrary, different, or that in any way restrict this Settlement Agreement, and that all prior agreements or understandings within the scope of the subject matter of this Settlement Agreement are, upon the execution and delivery of this Settlement Agreement, superseded, null and void.

12. <u>Amendments</u>. No waiver, modification or amendment of the terms of this Settlement Agreement shall be valid or binding unless made in writing, signed by the party to be charged and then only to the extent as set forth in such written waiver, modification, or amendment.

13. <u>Counter-Parts</u>. The parties may execute this Settlement Agreement in whole or counterparts, and execution of counterparts shall have the same force and effect as if the parties had signed the same instrument. Signatures transmitted by facsimile shall have the same effect as original signatures.

14. <u>Retention of Jurisdiction</u>. The Bankruptcy Court shall retain jurisdiction over the parties, subject matter, interpretation, effectuation, and enforcement of the terms of this Settlement Agreement.

15. <u>Best Efforts</u>. The Petitioning Creditor agrees to file a Motion in the Bankruptcy Court for approval of this Settlement Agreement. The parties and their counsel shall use their best efforts to cause the Bankruptcy Court to approve this Settlement Agreement and to effectuate the settlement of the stated terms and conditions set forth herein.

16. <u>Neutral Interpretation</u>. In the event any dispute arises among the Parties with regard to the interpretation of any term of this Settlement Agreement, or any agreement attached hereto, all of the parties shall be considered collectively to be the drafting party and any rule of

construction to the effect that ambiguities are to be resolved against the drafting party shall be inapplicable.

17.   Authority.  Each Party to this Settlement Agreement warrants and represents that the person signing this Agreement on its behalf is duly authorized to enter into this Settlement Agreement on behalf of such party.  Each Party signing this Settlement Agreement separately acknowledges and represents that this representation and warranty is an essential and material provision of this Settlement and shall survive execution of this Settlement.

18.   Illegality.  If any clause, provision, or paragraph of this Settlement Agreement shall, for any reason, be held illegal, invalid, or unenforceable, such illegality, invalidity, or enforceability shall not affect any other clause, provision, or paragraph of this Settlement Agreement, and this Settlement Agreement shall be construed and enforced as if such illegal, invalid, or unenforceable clause, paragraph, or other provision had not been contained herein.

19.   Advice of Counsel.  The Parties acknowledge that they have been represented by counsel of their own choice in the negotiations leading up to the execution of this Settlement Agreement and that they have read this Agreement and have had the opportunity to receive an explanation from legal counsel regarding the legal nature and effect of the same, and each Party has had it fully explained to them by their counsel and understands the terms and provisions of this Settlement Agreement and its nature and effect.  Each Party further represents that they are entering into this Settlement Agreement freely and voluntarily, relying solely upon the advice of their own counsel, and not relying on the representation of any other Party or of counsel for any other Party.

20.   Acknowledgement.  This Settlement Agreement was executed after arm's length negotiations between the Parties and their respective counsel, and reflects the conclusion of the Parties that this Agreement is in the best interests of the Parties.

21. <u>Divisions and Headings</u>. The divisions of this Settlement Agreement into sections and subsections and the use of captions and headings in connection therewith are solely for convenience and shall have no legal effect in construing the provisions of this Settlement Agreement.

**IN WITNESS WHEREOF**, the undersigned, being duly authorized, have caused this Agreement to be executed on the dates shown below:

| **Akron Biotechnology, LLC** | **AppliChem, GmbH** |
|---|---|
| By: _[signature]_ | By: _____ |
| _04 30_, 2010 | _____, 2010 |
| | |
| Kenneth S. Rappaport | John E. Page |
| **Rappaport Osborne & Rappaport, PL** | **Shraiberg, Ferrara & Landau, P.A.** |
| Attorneys for Akton Biotechnology, LLC | Attorneys for AppliChem, GmbH |
| Suite 203, Squires Building | 2385 N.W. Executive Center Drive |
| 1300 North Federal Highway | Suite 300 |
| Boca Raton, Florida 33432 | Boca Raton, Florida 33431 |
| Telephone: 561-368-2200 | Telephone: 561-443-0800 |
| Facsimile: 561-338-0350 | Facsimile: 561-998-0047 |
| By: _[signature]_ | By: _____ |
| Kenneth S. Rappaport, Esq. | John E. Page |
| Fla. Bar No. 132333 | Fla. Bar No. 860581 |
| _4/30_, 2010 | _____, 2010 |

21. <u>Divisions and Headings</u> The divisions of this Settlement Agreement into sections and subsections and the use of captions and headings in connection therewith are solely for convenience and shall have no legal effect in construing the provisions of this Settlement Agreement.

**IN WITNESS WHEREOF**, the undersigned, being duly authorized, have caused this Agreement to be executed on the dates shown below:

**Akron Biotechnology, LLC**

By: _____

_____, 2010

Kenneth S. Rappaport
**Rappaport Osborne & Rappaport, PL**
Attorneys for Akton Biotechnology, LLC
Suite 203, Squires Building
1300 North Federal Highway
Boca Raton, Florida 33432
Telephone: 561-368-2200
Facsimile: 561-338-0350

By: _____
       Kenneth S. Rappaport, Esq.
       Fla. Bar No. 132333
       _____, 2010

**AppliChem, GmbH**

By: /s/ Dr. Markus Tresel

29. 4 , 2010

John E. Page
**Shraiberg, Ferrara & Landau, P.A.**
Attorneys for AppliChem, GmbH
2385 N.W. Executive Center Drive
Suite 300
Boca Raton, Florida 33431
Telephone: 561-443-0800
Facsimile: 561-998-0047

By: /s/ John E. Page
       John E. Page
       Fla. Bar No. 860581
       May 4 , 2010

{1344/000/00034908 }                                    7

```
Label Matrix for local noticing          Akron Biotechnology, LLC            AppliChem GmbH
113C-9                                   3998 FAU Blvd #210                  Ottoweg 4
Case 10-13232-EPK                        Boca Raton, FL 33431-6429           Darmstadt
Southern District of Florida                                                 64291 Germany
West Palm Beach
Thu Apr 15 13:49:21 EDT 2010

AFCO                                     AlzChem LLC                         Applichem LLC
Dept 0809 POB 120001                     650 Village Tr #17                  3998 FAU Blvd #215
Dallas, TX 75312-0001                    Marietta, GA 30067-4069             Boca Raton, FL 33431-6429


Assurelmmune LLC                         BIO Florida Inc                     BioResource Technology Inc
3998 FAU Blvd #215                       525 Okeechobee Blvd #1500           11924 Miramar Pkwy
Boca Raton, FL 33431-6429                West Palm Beach, FL 33401-6349      Hollywood, FL 33025-7005


Biocompare                               Biological Industries Ltd           Boca R & D Project 7 LLC
395 Oyster Point Blvd #405               c/o Mentfield                       6801 Payshpere Cir
South San Francisco, CA 94080-1995       Marman Bldg #801                    Chicago, IL 60674-0068
                                         Tel Aviv ISRAEL


CorpDirect.com Agents                    De Lage Landen                      FedEx
POB 38413                                POB 41601                           POB 660481
Tallahassee, FL 32315-8413               Philadelphia, PA 19101-1601         Dallas, TX 75266-0481


Florida Blood Services                   Floridas Blood Centers              Gaby Arango
10100 Dr Martin Luther King Jr St N      8669 Commodity Cir                  Brassey 7563
Saint Petersburg, FL 33716-3806          Orlando, FL 32819-9054              Rosario ARGENTINA


ISSCR                                    Idaho Bio Products                  Internegocios SA
111 Deer Lake Rd #100                    913 E 2700 S                        Calle 24 N 517
Deerfield, IL 60015-4943                 Hagerman, ID 83332-5605             Mercedes B ARGENTINA


IntralMalls Express                      Ivanov Quality Institute Inc        Kwal & Oliva
120 Cockeysville Rd #201                 3307 Hyde Park Dr                   Alfred I Dupont Bldg
Cockeysville, MD 21030-2134              Clearwater, FL 33761-1800           169 E Flagler St #800
                                                                             Miami, FL 33131-1296


Labs Inc - Ernestina                     Matheson Tri-Gas                    Medrep Technologies Inc
3838 Camino de Rio N #105                POB 845502                          POB 494273
San Diego, CA 92108-1762                 Dallas, TX 75284-5502               Port Charlotte, FL 33949-4273


Messenger One Delivery Service           Microtest Laboratories              Office Depot
Attn: Carlos Acosta Jr                   104 Gold St                         POB 633211
338 SW 163 Ave                           Agawam, MA 01001-3807               Cincinnati, OH 45263-3211
Hollywood, FL 33027-1084
```

| | | |
|---|---|---|
| Office of the US Trustee<br>51 S.W. 1st Ave.<br>Suite 1204<br>Miami, FL 33130-1614 | Palm Beach County Tax Collector<br>POB 3715<br>West Palm Beach, FL 33402-3715 | Preferred Freezer Services<br>POB 126158<br>Hialeah, FL 33012-1602 |
| ProSpec Tany TechnoGene Ltd<br>Rehovot Science Pk<br>POB 398<br>Rehovot ISRAEL | SBH Sciences Inc<br>4 Strathmore Rd<br>Natick, MA 01760-2419 | Schwartz & Horwitz<br>6751 N Fed Hwy #400<br>Boca Raton, FL 33487 |
| Shenandoah Bt<br>101 Camars Dr<br>Warminster, PA 18974-3875 | SurModics<br>9924 W 74 St<br>Eden Prairie, MN 55344-3523 | Technology Insurance Co<br>5800 Lombard Ctr<br>Independence, OH 44131-2550 |
| Thomas J Maccari PA<br>7700 Congress Ave #1133<br>Boca Raton, FL 33487-1355 | Uline<br>2200 S Lakeside Dr<br>Waukegan, IL 60085-8311 | Universal Fine Chemicals<br>6357 Inducon Dr E<br>Sanborn, NY 14132 |
| VWR<br>POB 640169<br>Pittsburgh, PA 15264-0169 | Kenneth S Rappaport Esq<br>1300 N Federal Hwy #203<br>Boca Raton, FL 33432-2848 | |

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)West Palm Beach

End of Label Matrix
Mailable recipients    43
Bypassed recipients     1
Total                  44